IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DEMETRIA LUCKEY ALDRIDGE § | | |
| WAKEYA S. LUCKEY § | | |
| ALANA S. LUCKEY § | | |
|     Plaintiffs § | | |
| § | | |
| VS. § | NO. 2:21-cv-300 | |
| § | (JURY) | |
| D. COURTNEY CONSTRUCTION, § | | |
| INC., & JOHNNY RUIZ § | | |
|     Defendants § | | |

**COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW DEMETRIA LUCKEY ALDRIDGE, WAKEYA LUCKEY AND ALANA LUCKEY, Plaintiffs, and file their Complaint, complaining of D. COURTNEY CONSTRUCTION, INC. and JOHNNY RUIZ, Defendants, and in support would respectfully show the Court the following:

**Parties**

1. Plaintiff, Demetria Luckey Aldridge, is a citizen and resident of the State of Tennessee.

2. Plaintiff, Wakeya S. Luckey, is a citizen and resident of the State of Tennessee.

3. Plaintiff, Alana S. Luckey, is a citizen and resident of the State of Tennessee.

4. Defendant, D. COURTNEY CONSTRUCTION, INC. ("COURTNEY"), is a domestic for-profit corporation, incorporated in the State of Texas, with its principal place of business located at 1300 NE Loop, Carthage, Texas 75633. Courtney may be served with process by serving any officer of Courtney at its principal place of business at 1300 NE Loop, Carthage, Texas 75633, or by serving its Registered Agent for Service of Process, Incorp

Services, Inc. at 815 Brazos, Suite 500, Austin, Texas 78701.

At the time of the occurrence, Courtney was a motor carrier within the meaning of and subject to the Federal Motor Carrier Safety Administration Act and regulations.

5.  Defendant, JOHNNY RUIZ ("Ruiz"), an individual, is a citizen and resident of the State of Texas, County of Upshur and may be served with personal service pursuant to the Federal Rules of Civil Procedure at his address of 14110 Oliver St., Ore City, Texas 75683.

**Jurisdiction and Venue**

6.  This court has jurisdiction over the subject matter of this civil action because the amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332, for each Plaintiff, and the Plaintiffs and all Defendants are citizens and residents of different states.

7.  This court has personal jurisdiction over Defendant, Courtney, because Courtney is a Texas corporation with its principal place of business in Carthage, Texas; because Defendant Ruiz, is a citizen and resident of the State of Texas; and because the wreck giving rise to this lawsuit occurred in Panola County, Texas, all within the Eastern District of Texas.

8.  This court has venue because the wreck giving rise to this cause of action and the resulting death of Sylvester Luckey, the father of the Plaintiffs, occurred on U.S. Highway 79 North in Panola County, Texas, and because Courtney's principal place of business was, at the time of the wreck, located in Carthage, Panola County, Texas, all within the Eastern District of Texas.

**Facts**

9.  On or about January 30, 2021, at some time before 6:50 A.M., Johnny Ruiz ("Ruiz"), an employee of D. Courtney Construction, Inc. ("Courtney"), and / or other employee(s) of Courtney, improperly loaded equipment onto a semi-trailer owned by Courtney.

10. Ruiz and / or the other Courtney employees loaded the equipment too far toward the rear of the trailer.

11. Ruiz and/or other Courtney employee(s) then connected the trailer to a 2018 Ford F350 pickup truck owned by Courtney.

12. The 2018 Ford F350, owned and operated by Courtney, was a Commercial Motor Vehicle and regulated by the Federal Motor Carrier Safety Act ("FMCSA").

13. Ruiz and / or other employee(s) of Courtney did not properly secure the trailer's coupler to the Ford F350's trailer ball hitch.

14. Ruiz did not possess a valid Drivers License, Commercial Driver's License ("CDL") or CDL endorsement.

15. Courtney knew that Ruiz did not possess a valid Drivers License, Commercial Drivers License or CDL endorsement.

16. With Courtney's permission, Ruiz drove the Courtney-owned Ford F350 and loaded trailer northbound on U.S. Highway 79 a few miles northeast of Carthage, Texas.

17. Ruiz drove the Ford F350 above the legal speed limit down a long descending section of highway.

18. Upon reaching the bottom of the descent and beginning to ascend, the trailer coupler lifted and disconnected from the Ford F350's trailer ball hitch.

19. As the trailer disconnected, the trailer struck the East (right side) guardrail of the highway and came to rest upright facing southwest and blocking both northbound lanes of U.S. Highway 79.

20. After the trailer disconnected, Ruiz pulled the Ford F350 to the right side of the highway, made a U-turn and drove back towards the disabled trailer.

21. Ruiz drove south of the disabled trailer and parked the Ford F350 facing

northwards in the inside (left) lane of U.S. Highway 79 northbound.

22. Ruiz activated the Ford F350's hazard lights and pointed his headlights toward the disabled trailer.

23. A Courtney employee exited the Ford F350 and stood in front of it in the lefthand lane of traffic, attempting to flag oncoming traffic.

24. Ruiz and the other Courtney employees with him did not place flares, reflective triangles or other warning devices along the highway at intervals approaching the Ford F350 and disabled trailer to warn oncoming traffic that both lanes of Highway 79 were completely blocked.

25. On the same day, at approximately 6:52 am, Sylvester Luckey ("Luckey") drove his tractor trailer northbound on Highway 79 in Panola County, Texas, a few miles northeast of Carthage, Texas.

26. At that time, the sun had yet to rise and it was still dark outside.

27. As Luckey travelled northwards along Highway 79 at a lawful speed and with his lights on, he descended a long section of highway.

28. As Luckey came to the bottom of the long descending stretch of highway, he realized a vehicle had completely blocked the northbound left lane of traffic.

29. There were no flares, reflective triangles or other warning devices placed along the highway at intervals before the stopped truck to warn approaching drivers.

30. Upon seeing the Ford F350 blocking the left lane, Luckey slowed and moved to the right lane of traffic. Upon doing so, he realized that just beyond the vehicle stopped in the left lane, there was a large, loaded trailer completely blocking both lanes of northbound traffic.

31. There were no flares, reflective triangles or other warning devices placed along the highway before the disabled trailer to warn approaching drivers of the disabled trailer

blocking the highway.

32. A Courtney employee was near the trailer attempting to prepare to reattach the trailer to the Ford F350.

33. As Luckey realized that both lanes of traffic were blocked, he immediately braked and took evasive action, attempting to steer between the stopped Ford F350 and the disabled trailer.

34. Luckey's tractor trailer collided with the disabled Courtney trailer. The trailer then struck a Courtney employee, killing him.

35. Luckey's tractor trailer continued to the left and into the oncoming, southbound lanes of Highway 79.

36. Luckey's tractor trailer struck another tractor trailer which travelled southbound on Highway 79. Luckey's tractor trailer turned over onto its side and it and the tractor trailer it struck came to rest on Highway 79 South.

37. As a result of the collision, Luckey suffered severe internal injuries and died at the scene of the wreck.

### COUNT 1 – NEGLIGENCE OF DEFENDANT RUIZ

38. At all times pertinent to this lawsuit, Ruiz was in the course and scope of his employment or agency relationship with Defendant, Courtney, Inc. Plaintiffs invoke the doctrine of *Respondeat Superior*. In addition, because Ruiz drove a Courtney-owned commercial motor vehicle, Ruiz was a statutory employee of Courtney.

39. The collision giving rise to this cause of action occurred as a proximate result of the negligence of Defendant Ruiz in the following particulars, including but not limited to:

    a) driving a Commercial Motor Vehicle without a valid Drivers License, Commercial Driver's License ("CDL") or CDL endorsement;

    b) failure to properly load and secure equipment on the trailer that Ruiz hauled while driving the Courtney vehicle;

    c) failure to ensure that the equipment loaded onto the trailer which Ruiz hauled was properly loaded and secured;

    d) failure to properly hitch the trailer coupling to the hitch of the Courtney truck that Ruiz drove;

    e) failure to ensure that the trailer coupling was properly hitched to the Courtney truck that Ruiz drove;

    f) failure to maintain his speed at a reasonable rate while hauling the Courtney trailer loaded with heavy equipment;

    g) failure to place adequate and appropriate warning signs and / or devices along the highway approaching the location of the detached Courtney trailer to warn drivers that both lanes of traffic were blocked by the detached trailer and for the need for highway drivers to stop;

    h) failure to warn approaching highway traffic that both lanes of traffic were blocked by the detached and disabled Courtney trailer and of the need to stop.

## COUNT 2 – NEGLIGENCE PER SE OF DEFENDANT RUIZ

40. Ruiz knowingly operated Courtney's Commercial Motor Vehicle without having a valid Drivers License nor the required Commercial Drivers License ("CDL") endorsement in violation of Texas Transportation Code § 521.457(a).

41. Sylvester Luckey, as a motorist on the highway, was in the class of persons that this statute is designed to protect.

42. Ruiz's negligent operation of Courtney's Commercial Motor Vehicle without a CDL or CDL endorsement directly resulted in the death of Sylvester Luckey.

43. Ruiz, therefore, committed negligence per se.

**COUNT 3 – NEGLIGENCE OF DEFENDANT D. COURTNEY CONSTRUCTION INC.**

44. Courtney is vicariously liable for each of the acts of negligence committed by its agent and/or employee and/or statutory employee, Ruiz, in his ordinary course and scope of employment.

45. In addition, the collision giving rise to this cause of action occurred as a proximate result of the negligence of Courtney in the following particulars, including but not limited to:

   a) failure to adequately perform a background check on Ruiz;

   b) failure to properly evaluate Ruiz as to his driving capabilities;

   c) failure to properly train Ruiz;

   d) failure to properly monitor and supervise Ruiz;

   e) failure to ensure Ruiz engaged in a driving test monitored by Courtney officials;

   f) failure to ensure that Ruiz had the required licensure – a CDL or CDL endorsement – to operate a Commercial Motor Vehicle;

   g) failure to properly load and secure equipment on the trailer that Ruiz hauled while driving the Courtney vehicle;

   h) failure to ensure that the equipment loaded onto the trailer which Ruiz hauled was properly loaded and secured;

   i) failure to properly connect the trailer coupling to the trailer hitch of the Courtney truck that Ruiz drove;

   j) failure to ensure that the trailer coupling was properly connected and secured to the trailer hitch of the Courtney truck that Ruiz drove;

## COUNT 4 – NEGLIGENCE PER SE OF DEFENDANT D. COURTNEY CONSTRUCTION, INC.

46. Courtney permitted Ruiz to operate Courtney's commercial motor vehicle despite Courtney knowing that Ruiz did not possess a valid Commercial Drivers License ("CDL") endorsement in violation of Texas Transportation Code § 521.458 & § 521.459.

47. Sylvester Luckey, as a motorist on the highway, was in the class of persons that this statute is designed to protect.

48. Courtney's permitting Ruiz to operate its commercial motor vehicle without a Commercial Drivers License endorsement directly resulted in the death of Sylvester Luckey.

49. Courtney, therefore, committed negligence per se.

## COUNT 5 – GROSS NEGLIGENCE

50. The death of Sylvester Luckey resulted from the Defendants' gross negligence, which entitles the Plaintiffs to exemplary damages. TEX. CIV. PR. & REM. CODE. § 41.003(a)(3);

51. Defendant, Courtney, knew of the extreme degree of risk involved to the motoring public when it chose to conduct its business in the manner specifically described in paragraphs 44-49, incorporated here by reference. Despite Courtney's actual knowledge of the extreme risk to the motoring public posed by acting in the manner described, Courtney authorized Ruiz to act on Courtney's behalf and in doing so, consciously disregarded the extreme risks to the motoring public posed by Courtney's and Ruiz's acts and/or omissions.

52. Defendant Ruiz knew of the extreme degree of risk involved to the motoring public when he chose to act in the manner specifically described in paragraphs 38-43, incorporated here by reference. Despite this actual knowledge, Ruiz consciously disregarded the

extreme risk to the motoring public posed by his acts and/or omissions.

## DAMAGES

53.     As a direct and proximate result of the previously described negligence of the Defendants, the Plaintiffs' father, Sylvester Luckey, suffered severe injuries to his body that resulted in his death.

54.     All three (3) Plaintiffs, who are statutory beneficiaries of Sylvester Luckey, bring this action under the Texas Wrongful Death Statutes.  TEX. CIV. PR. & REM. CODE, Ch. 71.

55.     Each Plaintiff has suffered tremendous damage as the result of the wrongful death of their father.  These damages include the usual and customary elements for the recovery for the wrongful death of an individual as provided by Texas law.

56.     Each Plaintiff has suffered damages in excess $75,000.

57.     In addition to the recovery of damages, the Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

58.     The Plaintiffs will further demonstrate that they are entitled to exemplary damages pursuant to § 71.009 and § 41.003(a)(3), TEX. CIV. PR. & REM. CODE, because both Courtney and Ruiz were guilty of gross negligence.  As explained, Ruiz drove his vehicle in a manner that grossly endangered other motorists upon a public roadway with virtually no regard for the consequences of his actions and the resulting endangerment to the other motorists. Courtney failed to properly vet and screen Ruiz in the hiring process and Courtney hired Ruiz, an unqualified operator with a history of traffic violations, then placed him in a commercial motor vehicle without proper instruction and training and without a Commercial Drivers License endorsement.  Courtney placed Ruiz into an extremely dangerous scenario that resulted in the wreck and death that gave rise to this cause of action. Courtney knew that Ruiz lacked the requisite license, qualifications and training to safely manage the commercial motor vehicle he

was charged with, and Courtney consciously disregarded the risks posed by its own acts and/or omissions.

### REQUEST FOR JURY TRIAL

59. Plaintiffs request a trial by a jury of their peers.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, DEMETRIA LUCKEY ALDRIDGE, WAKEYA LUCKEY AND ALANA LUCKEY, pray that the Defendants be summoned to appear and answer, and that on final trial, Plaintiffs recover judgment against the Defendants for the damages, actual and exemplary, interest, costs and for such other and further relief to which Plaintiffs may be justly entitled, general and special, at law and in equity.

Respectfully submitted,

Jeremy S. Ament, Attorney for Plaintiff
10685-B Hazelhurst Drive # 16394
Houston, Texas 77043
(479) 439-7370
(479) 208-6156 – fax
jeremyament@theamentlawfirm.com
State Bar No. 24076240

&

John S. Ament, Attorney for Plaintiff
108 Ridgewood Circle
Atlanta, Texas 75551
johnament@hotmail.com
(903) 721-2371
(903) 663-4311 – fax
State Bar No. 01145000

By:/s/ Jeremy S. Ament
Jeremy S. Ament
State Bar No. 24076240
*Attorney for Plaintiffs, Luckey*